UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN L. CRAWFORD,            ) | |
| ) | |
| Plaintiff,       ) | |
| ) | CIVIL ACTION NO. |
| VS.                           ) | |
| ) | 3:09-CV-0666-G |
| CHARLES SCHWAB & CO., INC.,   ) | |
| ) | **ECF** |
| Defendant.       ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff Kevin L. Crawford ("Crawford" or "the plaintiff") to remand this case to the state court from which it was removed. For the reasons discussed below, the motion is denied.

### I. BACKGROUND

The plaintiff was formerly employed by Charles Schwab & Company, Inc. ("Schwab") as a print operator at a printing and mailing facility in Coppell, Texas. Notice of Removal ("Notice"), Exhibit A, Plaintiff's Original Petition ("Petition") at 2. Crawford is a citizen of Texas, and Schwab is a California corporation with its principal place of business in San Francisco, California. Petition at 1-2; Notice at 1-

2. Crawford worked under the supervision of Tammy Short ("Short") and William Lenoir ("Lenoir") during his employment with Schwab. Motion to Remand ("Motion"), Exhibit 1, Affidavit of Kevin L. Crawford ("Crawford Affidavit") at 1. Both Lenoir and Short are citizens of Texas. Petition at 2. Crawford was injured on the job on March 14, 2007, while helping two other Schwab employees perform a heavy lift. Petition at 2. Crawford reported the injury to his supervisors. Crawford Affidavit at 2-4. Crawford alleges that his decision to report the injury caused him to be the target of a "campaign of 'racist' attacks centering upon a campaign disparaging Plaintiff's employment record in retaliation against him for making a Texas Workers Compensation claim." Petition at 2. Schwab terminated Crawford's employment on April 4, 2007. Crawford Affidavit at 5.

Crawford filed suit against Schwab, Short, and Lenoir in County Court at Law No. 4 of Dallas County, Texas, on March 13, 2009. Notice at 1. Crawford claimed actual and exemplary damages under ten causes of action arising under Texas law. Petition at 4-10. In addition, he requested a declaratory judgment, reasonable attorney's fees and expenses, pre- and post-judgment interest, costs, and all other relief to which he is entitled. Petition at 10-11.

Removal to this court was effected on April 10, 2009. Notice at 1. Schwab filed for removal under 28 U.S.C. § 1441, based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a)(1). *Id.* at 1-2. On April 30, 2009, Crawford

filed this motion to remand, arguing that removal was improper because there is not complete diversity of citizenship between the parties. Motion at 4. Crawford does not dispute that the amount in controversy in this case exceeds $75,000. Schwab does not dispute that Short and Lenoir are, like Crawford, citizens of Texas. The only issue before the court is whether Short and Lenoir are properly joined as defendants.

## II. ANALYSIS

### A. Legal Standard

#### 1. *Removal Jurisdiction*

Title 28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also

*Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332. Here, Schwab -- the removing defendant -- has alleged only diversity of citizenship as a basis of this court's jurisdiction.[1] The court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met: (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a). Claims filed in state court against multiple defendants usually cannot be removed to federal court unless all defendants consent to the removal. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*,

---

[1] The plaintiff's motion to remand includes several allegations of violations of "Federal law." *See* Motion at 2, 5. These allegations did not appear in the plaintiff's original petition, and Schwab did not rely on the existence of a federal question in its Notice of Removal. Even if these allegations had appeared in the original petition, "bare reference to federal law, without more, is insufficient to create federal question jurisdiction." *Maguire v. Telcom Global Solutions, Inc.*, 2003 WL 124475, *2 (N.D. Tex. Jan. 10, 2003) (Fish, C.J.).

510 U.S. 868 (1993). However, a removing defendant is not required to obtain the consent of any defendants who have been improperly joined. *Id.*

2. *Improper Joinder*

The Fifth Circuit has recognized two grounds on which a court can find that a defendant was improperly joined: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)), *cert. denied*, 544 U.S. 992 (2005). The first of these two grounds is not applicable to this case.[2] To satisfy the second test for improper joinder, the

---

[2] Schwab has alleged actual fraud in Crawford's pleading of jurisdictional facts on the ground that Short was not employed by Schwab on or after the date Crawford was injured. Notice at 3-4; Defendant's Response to Plaintiff's Motion to Remand at 6-7. However, it is not clear whether the status of Short's relationship with Schwab on and after March 14, 2007, is a jurisdictional fact or a fact that goes to the merits. Jurisdictional facts are those facts whose existence are a condition precedent to a court's proper exercise of jurisdiction. See *Cantor v. Wachovia Mortgage, FSB*, __ F.Supp.2d __, 2009 WL 1975047, at *3 (N.D. Tex. Jul. 6, 2009) (Lynn, J.); *Rodriguez v. Casa Chapa S.A. de. C.V.*, 394 F.Supp.2d 901, 907 (W.D. Tex. 2005); *see also* BLACK'S LAW DICTIONARY (8th ed. 2004). At a minimum, the citizenship of the parties and the amount in controversy are jurisdictional facts. See *Cantor*, 2009 WL 1975047 at *3; *Rodriguez*, 394 F.Supp.2d at 907. Which other facts are also jurisdictional is unclear, in part because "[t]he Fifth Circuit has repeatedly declined" to offer "guidance for the courts on what" is required "to support a finding of improper joinder by actual fraud in the pleading of jurisdictional facts." *Rodriguez*, 394 F.Supp.2d at 906; see also *Randle v. SmithKline Beecham Corporation*, 338 F.Supp.2d 704, 707 n.4 (S.D. Miss. 2004) ("[T]o this Court's knowledge, all cases discussing improper joinder have approached the issue under the second avenue [described in *Smallwood*]."). This court need not decide whether Schwab's contention
(continued...)

defendant must demonstrate that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

To determine whether the plaintiff is unable to establish a cause of action against the non-diverse defendants, the court should "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* Normally a district court should confine its fraudulent joinder analysis to the pleadings. But the court "may, in its discretion, pierce the pleadings and conduct a summary inquiry . . . to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74.

The Rule 12(b)(6)-type analysis requires the court to ask whether the plaintiff has pleaded "'enough facts to state a claim to relief that is plausible on its face.'" *In re*

---

[2](...continued)
that Short was not a Schwab employee at the time of Crawford's injury raises a question of jurisdictional fact. Even assuming for the sake of argument that it does not, it is certainly relevant to the question of whether Crawford can establish a cause of action against Short. See *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950 (2009) (explaining that the legal conclusions in a complaint "must be supported by factual allegations" that "plausibly give rise to an entitlement to relief" for the complaint to survive a motion to dismiss). Therefore, the court will consider Schwab's contention that Short was not a Schwab employee at the time of Crawford's injury as part of its analysis under the second test for improper joinder. Accord *Randle*, 338 F.Supp.2d at 707 n.4 (opting, on similar facts, to consider the second test for improper joinder).

*Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, __ U.S. __, 128 S. Ct. 1230 (2008).  "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted) (quoting *Martin K. Eby Construction Company v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  The party seeking removal bears the burden of proving that joinder was improper, and that burden is a heavy one. *Smallwood*, 385 F.3d at 574.  That said, a complaint does not suffice for 12(b)(6) purposes "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (citation, quotation marks, and brackets omitted).  "Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not improperly joined." *Randle*, 338 F. Supp. 2d at 708.  To survive a Rule 12(b)(6)-type challenge, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n.9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

B. <u>Application</u>

1. *Claims against Short*

The court finds that there is no reasonable basis to predict that Crawford might be able to recover on any of the claims he makes against Short. Crawford has alleged three causes of action against Short: intentional infliction of emotional distress, retaliation, and tortious interference with a business relationship. Crawford's original petition alleges that all of the injuries giving rise to these claims were caused by employees of Schwab who were acting as such on or after March 14, 2007. The petition avers that Crawford was "seriously injured on March 14, 2007" and that he was subjected to a campaign of harassment, discrimination, and retaliation "[o]nce injured" -- *i.e.*, only after he was injured. Petition at 2, ¶ 3.01. It further clarifies that "[t]he injuries and damages suffered by Plaintiff, made the basis of this lawsuit, arose out of an occurrence on March 14, 2007." Petition at 3, ¶ 4.01. The petition explicitly limits the scope of its allegations against Short to actions she took while she was employed by Schwab. See *id.* (explaining that "at all times material hereto" Short was "employed as Plaintiff's boss[] and supervisor[] . . . working for Defendant, Schwab, and within the course and scope of [her] employment"). Beyond that, the petition provides no specific explanation of, or factual details about, Short's alleged role in causing Crawford's injuries.

- 8 -

Uncontroverted evidence shows that Short was not a Schwab employee on March 14, 2007, or at any time thereafter. The affidavit of an employee in Schwab's human resources department establishes that Short's employment at Schwab ended on March 1, 2005. Notice, Exhibit H, Affidavit of Mary E. Biddle ("Biddle") at 1. Given the nature of the allegations in the petition, if Short was not a Schwab employee at the time of Crawford's injuries, she could not possibly be liable for those injuries. Yet neither Crawford's Motion to Remand nor the affidavit attached to that motion disputes the facts in Biddle's affidavit or otherwise contends that Short was employed by Schwab on or after March 14, 2007. That Short was not a Schwab employee at any time on or after March 14, 2007, is the kind of discrete fact "that easily can be disproved if not true" that the Fifth Circuit has identified as appropriate for a district court to establish via summary judgment-type evidence during an improper joinder analysis. See *Smallwood*, 385 F.3d at 574 n.12. That fact is also undisputed. It therefore precludes any possibility of Crawford recovering on any of his claims against Short. See *Randle*, 338 F. Supp. 2d at 706-08 (finding that the plaintiff in a personal injury case could not establish a cause of action against non-diverse defendants where uncontradicted affidavits established that those defendants had never been employed by the manufacturer of the product that caused the plaintiff's injuries).

The allegation in Crawford's original petition that "[d]efendants retaliated against Plaintiff for taking exception to racial harassment, discrimination, and disparate treatment" arguably could be construed as not limiting itself to events occurring on or after March 14, 2007. Petition at 3, ¶ 4.02; *see also* Motion at 5 ("Defendant[] Short . . . did make affirmative representations to Plaintiff before . . . his injury that continue to damage Plaintiff to this day."). The test for improper joinder requires the court to read the allegations of the complaint in the light most favorable to the plaintiff. *Travis*, 326 F.3d at 649. However, even if the retaliation claim is read as extending back to conduct that took place while Short was employed by Schwab, there is no possibility that Crawford can recover on this claim. Crawford does not specify the law under which his retaliation claim arises. Texas law protects private-sector employees from retaliatory discharge under the Texas Workers' Compensation Act (TWCA), *see* TEX. LABOR CODE § 451.001,[3] and the Texas

---

[3] Title 28 U.S.C. § 1445(c) prohibits the removal of any action arising under state workers' compensation law. For purposes of § 1445(c), an action for retaliatory discharge under § 451.001 of the Texas Labor Code arises under Texas workers' compensation law. *Trevino v. Ramos*, 197 F.3d 777, 781 n.4 (5th Cir. 1999), *cert. denied*, 531 U.S. 1036 (2000). However, a motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). The § 1445(c) prohibition on removing workers' compensation cases "is not a matter of substantive jurisdiction, but rather a procedural defect" in removal that is subject to waiver if it is not raised within § 1447(c)'s 30-day time limit. *Williams v. AC Spark Plugs Division of General Motors Corporation*, 985 F.2d 783, 786 (5th Cir. 1993); see also *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 790 (5th Cir. 1996). The issue is not waived only if "the substantive concept embodied in § 1445(c) -- non-removability of claims arising

(continued...)

Commission on Human Rights Act (TCHRA), *see* TEX. LABOR CODE § 21.055. But these statutes only authorize causes of action for retaliation against employers. Neither statute allows supervisors and managers such as Short to be held personally liable for retaliation. *Jenkins v. Guardian Industries Corporation*, 16 S.W.3d 431, 439 (Tex. App.--Waco 2000, pet. denied).[4] To the extent (if any) that Crawford sues Short for retaliation that occurred before March 14, 2007, his retaliation claim fails as a matter of law. Thus, the court finds that Short was improperly joined as a defendant.

## 2. *Claim Against Lenoir*

The court also finds that there is no reasonable basis to predict that Crawford will be able to recover on his claim against Lenoir. The only cause of action Crawford

---

[3](...continued)
under state workmen's compensation laws -- was adverted to" in a timely filed motion to remand. *Patin*, 77 F.3d at 786. In this case, Crawford filed his motion to remand within 30 days of removal, but the sole contention of that motion was that complete diversity of citizenship between the parties is lacking because Short and Lenoir were properly joined as defendants. Motion at 2-4. Crawford's motion did not argue or intimate that removal was procedurally defective because it was in violation of § 1445(c). As a result, Crawford has waived his right to object to removal on that ground. See *Denman v. Snapper Division*, 131 F.3d 546, 548 n.2 (5th Cir. 1998) (holding that the plaintiff's argument, in a timely filed motion to remand, that the non-diverse defendants "were not 'fraudulently joined' was insufficient to preserve his objection" that removal was procedurally defective).

[4]   The same rule applies under federal anti-discrimination law. See *Grant v. Lone Star Company*, 21 F.3d 649, 652 (5th Cir.) ("Only 'employers,' not individuals acting in their individual capacity . . ., can be liable under title VII."), *cert. denied*, 513 U.S. 1015 (1994).

alleges against Lenoir is tortious interference with a business relationship. Under Texas law, the parties to an ongoing business relationship cannot interfere with their own relationship. *Holloway v. Skinner*, 898 S.W.2d 793, 794-96 (Tex. 1995). Only a third party who is an outsider to the business relationship can be liable for tortious interference. *American Medical International, Inc. v. Giurintano*, 821 S.W.3d 331, 335 (Tex. App.--Houston [14th Dist.] 1991, no writ). Because a corporation's agents, including its employees, share its legal identity, corporate employees generally cannot be held personally liable for tortious interference with their employers' business relations. *Id.* at 335. An employee can be held personally liable only if she acts wholly beyond her authority and purely to further personal objectives. *Id.* at 335-36. "A corporate officer's mixed motives -- to benefit both himself and the corporation -- are insufficient to establish liability." *Powell Industries, Inc. v. Allen*, 985 S.W.2d 455, 457 (Tex. 1998). An employee who is acting within the course and scope of his employment is, as a matter of law, immune from liability for tortiously interfering with his employer's business relations. See *Johnson v. Randall's Food Markets, Inc.*, 869 S.W.2d 390, 400 (Tex. App.--Houston [1st Dist.] 1993), *rev'd on other grounds*, 891 S.W.2d 640 (Tex.1995).

Here, Crawford has averred that "[a]ll of Defendant, Schwab's personnel (including William Lenoir . . .) who were employed as Plaintiff's bosses and supervisors, were, at all times material hereto, working for Defendant, Schwab, and

within the course and scope of their employment." Petition at 3, ¶ 4.01. The plaintiff's petition does not allege that Lenoir was acting without authority or was motivated by personal animus. Under Texas law, there is no possibility that Crawford can recover on his tortious interference claim against Lenoir. See *Hussong v. Schwan's Sales Enterprises, Inc.*, 896 S.W.2d 320, 322, 326–27 (Tex. App.--Houston [1st Dist.] 1995, no writ) (affirming a grant of summary judgment on the plaintiff's tortious interference claim where the plaintiff's petition alleged that the defendant, the plaintiff's former supervisor, "while acting within the course and scope of his employment," had tortiously interfered with the plaintiff's contract with the defendant's employer). Therefore, the court finds that Lenoir was improperly joined as a defendant.

### III. CONCLUSION

For the reasons discussed above, the motion to remand is **DENIED**.

**SO ORDERED**.

October 30, 2009.

*[signature: A. Joe Fish]*
**A. JOE FISH**
**Senior United States District Judge**